IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH G. BRICKER, et al., | ) | |
| | ) | |
| Appellants | ) | Civil Action No. 2:04-cv-1491 |
| (Plaintiffs), | ) | Bankruptcy No. 02-29981-MBM |
| v. | ) | |
| | ) | Judge Thomas M. Hardiman |
| THOMAS L. MARTIN, | ) | |
| | ) | |
| Appellee | ) | |
| (Defendant). | ) | |

**OPINION**

This bankruptcy appeal was brought by seven individuals who filed an adversary proceeding to challenge the dischargeability of alleged debts of Thomas L. Martin (Martin or Defendant). After trial, the Bankruptcy Court ruled that none of Plaintiffs' unliquidated claims are excepted from discharge, with the possible exception of their state law claims for the sale of unregistered securities, which the Bankruptcy Court abstained from adjudicating. Instead, the Bankruptcy Court *sua sponte* granted Plaintiffs relief from the automatic stay to prosecute their claims for the sale of unregistered securities in the case pending in the Court of Common Pleas of Allegheny County. By Memorandum Order dated September 29, 2005, this Court explained summarily why the Bankruptcy Court had the power to, *sua sponte,* lift the automatic stay pursuant to 11 U.S.C. §105(a). This Opinion explains why the Court finds no error in the Bankruptcy Court's decision to abstain.

## I. Factual Background and Procedural History

On August 9, 2002, Plaintiffs Kenneth G. Bricker, Ellen Bricker, Pamela J. Meier, Joseph J. Meier, Adeline J. Huffman, Richard F. Monning, and Linda B. Monning (collectively, Plaintiffs or Bricker) filed a civil complaint in the Court of Common Pleas of Allegheny County (the State Court Action) against Defendants Thomas L. Martin, Robert C. Atkinson, and William F. Scalera. Plaintiffs' complaint alleged breach of contract, the sale of unregistered securities, conversion, fraud, and conspiracy as a result of investment losses Plaintiffs suffered because of Defendants' allegedly wrongful conduct.

On September 1, 2002, Defendant Martin filed for bankruptcy protection under 11 U.S.C. §701 *et seq.* (Chapter 7), which stayed the State Court Action pursuant to 11 U.S.C. §362. On September 23, 2004, Plaintiffs filed a complaint in the United States Bankruptcy Court for the Western District of Pennsylvania that was substantially the same as the State Court Action and also objected to the dischargeability of Martin's debts pursuant to 11 U.S.C. §523(a)(2)(A), §523(a)(4), and §523(a)(19)(A)(i) & (ii).

After a two day trial on June 21 and June 25, 2004, the Bankruptcy Court entered judgment in favor of the Debtor on all claims except for Plaintiffs' state law claims for the sale of unregistered securities under 70 P.S. §§1-201, which the Bankruptcy Court abstained from deciding. *Bricker, et al. v. Martin*, B.R. No. 02-29981-MBM, ¶7 (Bankr. W.D. Pa. Aug. 19, 2004). In general, the Bankruptcy Court ruled that no fraud had occurred, and that the claim under 70 P.S. §§1-201 was the only claim not based on fraud. *Id.* at ¶7. Accordingly, the Bankruptcy Court remanded those claims to state court. *Id.* at ¶8. After Plaintiffs' sale of unregistered securities claims are litigated in state court, the Bankruptcy Court will determine the

dischargeability of any debt under 11 U.S.C. §523(a)(19)(A)(i):

> Plaintiffs' nondischargeability cause of action under §523(a)(19)(A)(i) is continued pending completion of Plaintiffs' state court action against the debtor with respect, of course, solely to Plaintiffs' claim against the Debtor under 70 P.S. §1-201. Upon completion of such litigation, the parties shall inform the Court as to the outcome of such litigation, at which time the Court shall (a) finally resolve Plaintiffs' §523(a)(19)(A)(i) nondischargeability cause of action, and (b) enter a final order in the instant adversary proceeding.

*Id.* at ¶ 9. All other claims were found nondischargeable. *Id.* at ¶2-7.

Bricker filed a motion for clarification and/or modification of the Bankruptcy Court's Memorandum and Order of Court dated August 19, 2004, which was denied with prejudice on September 2, 2004. *Bricker, et al. v. Martin*, 313 B.R. 679, 681 (Bankr. W.D. Pa. 2004).

On September 29, 2004, Bricker sought leave to appeal to this Court, which was granted on December 6, 2004 after briefing and argument. After extensive briefing on the merits, on September 29, 2005, this Court entered a Memorandum Order denying Bricker's appeal and terminating the case. On October 14, 2005, Bricker filed a Motion for Rehearing, Motion to Alter or Amend Judgment, and Motion for Oral Argument, which collectively seek reconsideration and reversal of the Court's Memorandum Order of September 29, 2005.

## II. Analysis

In its Memorandum Order, this Court held that the Bankruptcy Court did not err when it *sua sponte* granted Bricker relief from the automatic stay to pursue state law claims for the sale of unregistered securities in violation of 70 P.S. §§1-201. In the Motion to Alter Judgment, Bricker now argues that even if the Bankruptcy Court had the power to *sua sponte* lift the automatic stay,

it erred by adjudicating all of Bricker's claims except one. This argument implicates both the Bankruptcy Court's jurisdiction and various abstention doctrines.

**A. Jurisdiction of the Bankruptcy Court**

Title 28 U.S.C. §1334(a) grants original and exclusive jurisdiction to federal district courts for all *cases* under title 11. (Emphasis added). Section 1334(b) grants original, but not exclusive, jurisdiction for "all *civil proceedings* arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). (emphasis added). In addition, "[e]ach district court may provide that any and all cases under title 11 and any or all proceedings under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district." 28 U.S.C. §157(a). Section 157(b)(1) allows the bankruptcy courts to hear and determine all cases and core proceedings under title 11, which are defined in §157(b)(2). Although bankruptcy courts may hear non-core proceedings under §157(c)(1), in those cases they submit proposed findings of fact and conclusions of law to the district court, which then enters final judgment.

Pursuant to 28 U.S.C. §1334(c), a bankruptcy court may abstain as a final judgment, without having to make a recommendation to the district court. *West Coast Video Enter., Inc. v. Owens*, 145 B.R. 484, 488 (Bankr. E.D. Pa. 1992) ("We note that, per a 1990 legislative amendment, we are empowered to enter a final Order on an abstention motion rather than merely recommend a result to the district court") (citing *In re Westbrook*, 123 B.R. 728, 730 n.1 (Bankr. E.D. Pa. 1991)). Parties may appeal a decision to abstain to the district court under 28 U.S.C. §158.

**B. Standard of Review**

Review of the underlying legal principles of abstention is plenary, but the decision of whether to abstain is reviewed for abuse of discretion. *Hosp. Council of Pa. v. City of Pittsburgh,* 949 F.2d 83, 90 n.4 (3d Cir. 1991); *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989); *Gwynedd Properties Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992); *Addiction Specialists Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005).

**C. Bankruptcy and Non-Bankruptcy Abstention**

Abstention in non-bankruptcy cases often is governed by *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and its progeny, including *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1 (1983). *Colorado River* established that "abstention is the narrow exception to the congressional grant of subject matter jurisdiction bestowed upon the federal courts." *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc.*, 81 B.R. 422, 424 (Bankr. S.D. Tx. 1986) (*see Colorado River*, 424 U.S. at 813). Bricker argues that under *Colorado River*, the Bankruptcy Court should not have abstained from adjudicating his state law claims for the sale of unregistered securities. But *Colorado River* "concerns the general doctrine of abstention. The grounds for abstention in bankruptcy cases have been codified and [bankruptcy courts] are not strictly bound by these precedents." *Southwinds Associates Ltd. v. Reedy,* 115 B.R. 857, 861 n.5 (Bankr. W.D. Pa. 1988).

As the court correctly noted in *Southwinds*, abstention in bankruptcy cases differs significantly from abstention in non-bankruptcy cases. Section 1334(c)(1) authorizes abstention in any proceeding "arising under title 11 or arising in or related to a case under title 11 . . . in the interest of justice, or in the interest of comity with State courts or respect for state law." 28

U.S.C. §1334(c)(1). The leading case to address the issue of the powers given to bankruptcy courts in section 1334(c) noted:

> The Act grants the district court *broad power* to abstain whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.' The abstention provisions of the Act demonstrate the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case . . . .

*Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added). Thus, unlike cases controlled by *Colorado River*, bankruptcy courts have broad discretion whether to abstain from adjudicating claims.

**D. Mandatory Abstention**

There are two types of abstention under 28 U.S.C. §1334(c), mandatory and permissive. The mandatory abstention provision reads:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall* abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c)(2)(emphasis added). There are six requirements for mandatory abstention:

> (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. §1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Passodelis v. Passodelis*, 234 B.R. 52, 64 (Bankr. W.D. Pa. 1999) (citing *Taylor v. Rockafellow*, 115 B.R. 498, 500 (Bankr. E.D. Pa. 1989)). Bankruptcy courts must abstain from a proceeding when all six requirements are present. *In re Passodelis*, 234 B.R. at 64. Mandatory abstention may be granted only upon motion by a party and not *sua sponte* by the court. Moreover, mandatory abstention applies only to non-core proceedings under requirements three and four. In the case at bar, there was no motion for mandatory abstention and the proceeding is core. Therefore, mandatory abstention plainly does not apply here.

**E. Permissive Abstention**

The permissive abstention statute provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. §1334(c)(1). Unlike mandatory abstention, the motion requirement is conspicuously absent from the permissive abstention statute. Accordingly, by implication, a bankruptcy court may permissively abstain *sua sponte*. *See, e.g., Gober v. Terra + Corp.*, 100 F.3d 1195, 1207 n.10 (5th Cir. 1996) ("Permissive abstention may be raised by the court *sua sponte*."); *Scherer v. Carroll*, 150 B.R. 549, 552 (D. Vt. 1993) (". . . [Q]uestions of abstention and remand may be addressed *sua sponte* by the Bankruptcy Court."); *Richmond Tank Car Co. v. CTC Invs.*, 119 B.R. 124, 125 (S.D. Tex. 1989) (*sua sponte* considers whether to abstain).

Another critical distinction between mandatory and permissive abstention for purposes of this case is that unlike section 1334(c)(2), section 1334(c)(1) indicates that permissive abstention applies to both core and non-core proceedings. *See In re Republic Reader's Service, Inc.*, 81

Bankr. at 426. By its terms, §1334(c)(1) applies to any "proceeding arising under title 11 or arising in or related to title 11." Therefore, a bankruptcy court may permissively abstain from any proceeding over which it has jurisdiction.

The pertinent caselaw demonstrates that bankruptcy courts have considerable discretion to decide whether to abstain under section 1334(c)(1). *See P&G Realty Corp. v. Erenberg*, 157 B.R. 239, 242 (Bankr. W.D. Pa. 1993); *Civic Center Cleaning v. Reginella Corp.,* 140 B.R. 374 (Bankr. W.D. Pa 1992); *In re Southwinds Associates Ltd.*, 115 B.R. at 861.

Although there is no controlling test for permissive abstention, many courts, including this Court, have considered the following twelve factors first enunciated in *In re Republic Reder's Svc., Inc.*:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in a proceeding of non-debtor parties.

*Geruschat, et al. v. Ernst & Young, LLP.* (*In re Earned Capital Corp.*), 331 B.R. 208, 220 (Bankr. W.D. Pa 2005) (noting "considerable latitude in deciding whether to abstain").

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *In re*

*Earned Capital Corp.*, 331 B.R. at 221 (citing *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184,1189 (7th Cir. 1993)).

This Court's decision in *In re Earned Capital Corp.* involved a claim by shareholders of the debtor, Seven Fields Development Corporation, against the debtor's accounting firm, Ernst & Young, LLP. *In re Earned Capital Corp.*, 331 B.R. at 212. Plaintiffs alleged that "the Defendants, during the course of the bankruptcy proceedings, made false and erroneous statements concerning the solvency of the Debtor entities when the accountants improperly characterized certain amounts of equity as debt." *Id.* at 212. Therefore, the "complaint involve[d] the nature of the services that the Defendants performed for the bankruptcy estate as court appointed professionals and the fees awarded under supervision of this court." *Id.* at 221. Plaintiffs moved for abstention after the Defendant removed the case from the Court of Common Pleas of Butler County to the bankruptcy court and filed a motion to dismiss. *Id.* at 211. The bankruptcy court, with minimal evaluation of the individual factors, held that abstention was not appropriate because the issues raised were "at the heart of the bankruptcy court's jurisdiction and are inextricably related to the bankruptcy case." *Id.* at 221. Indeed, the claims in *In re Earned Capital Corp.* were the direct product of actions taken during the prior bankruptcy proceeding. Because of the strength of the causal connection to the bankruptcy proceeding, the bankruptcy court chose not to abstain.

In the instant case, there is little doubt that the Bankruptcy Court had discretion to abstain from the adversary proceeding under 1334(c)(1). Thus, the question is whether its decision to abstain was an abuse of that discretion. To answer this question, the Court will analyze the twelve factors used by other courts.

(1) *The effect or lack thereof on the efficient administration of the estate if a court recommends abstention.*

The first factor likely weighs slightly in favor of abstention. Although the bankruptcy court could have ruled on the sale of unregistered securities claims, there is no indication that abstention would cause a significant delay. On August 9, 2002, Bricker filed the State Court Action which included a claim under 70 P.S. §§1-201. Once the Bankruptcy Court lifted the automatic stay, Bricker could have proceeded forthwith to litigate what remained of the State Court Action. Therefore, there would have been little delay in the efficient administration of the estate.

(2 & 3) *The extent to which state law issues predominate over bankruptcy issues and the difficulty or unsettled nature of the applicable law.*

The second factor weighs in favor of abstention. Although Pennsylvania law regarding the sale of unregistered securities tracks federal securities law, Bricker's claim pursuant to 70 P.S. §1-201 is a state law claim that does not implicate bankruptcy law. The third factor - the difficulty or unsettled nature of applicable state law - weighs against abstention. The applicable state law is neither unsettled nor difficult to apply. Nevertheless, as the seminal decision in this area stated:

> Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court, *irrespective* of whether the legal issues present unsettled questions of state law.

*In re Republic Reader's Service, Inc.*, 81 B.R. at 426. Therefore, factors two and three jointly weigh in favor of abstention. *See also In re Asousa Partnership*, 376 B.R. 391-92. (Bankr. E.D. Pa. 2001).

(4) *The presence of a related proceeding commenced in state court or other non-bankruptcy court.*

This factor weighs in favor of abstention because the State Court Action was commenced by Bricker on August 9, 2002 and the Bankruptcy Court adversary proceeding was not filed until over two years later, on September 23, 2004.

(5) *The jurisdictional basis, if any, other than 28 U.S.C. §1334.*

This factor weighs in favor of abstention. *See id.* at 392 (lack of independent jurisdiction weighs in favor of abstention). There is no federal question jurisdiction pursuant to 28 U.S.C. §1331 over Bricker's state law securities claims. Similarly, jurisdiction does not lie under 28 U.S.C. §1332 because diversity of citizenship is lacking. Therefore, 28 U.S.C. §1334 provides the only jurisdictional basis and this factor weighs in favor of abstention.

(6) *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.*

This factor weighs against abstention. The sale of unregistered securities claim is related to Martin's main bankruptcy case. Bricker's claim is a core proceeding under 11 U.S.C. §523(19)(a)(19)(A)(i), the effect of which will determine the dischargeability of debts by Martin.

(7) *The substance rather than form of an asserted "core" proceeding.*

This factor weighs in favor of abstention. The court in *In re Republic Reader's Service, Inc.*, stated:

> Often a proceeding, cast in the language of a core proceeding, merely shrouds state law actions under the guise of a bankruptcy issue. A typical example is an adversary proceeding commenced as an action for turnover of property under 11 U.S.C. §542 . . . . If 11 U.S.C. §542 were to be interpreted as expansively as often times urged, every action brought by a debtor-in-possession with the end to recover a money judgment could be construed as an action for turnover . . .

*In re Republic Reader's Service Inc.*, 81 B.R. at 427-428. In the instant case, the proceeding involves not just the determination of the dischargeability of a debt, but whether a debt exists between the parties at all. If Martin is found not liable on the sale of unregistered securities claims, dischargeability becomes a moot point. As a result, the substance of the claim, the liability determination, only becomes core if a debt is found to exist, despite the fact it is core in form.

(8) *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.*

This factor weighs in favor of abstention. It may be appropriate to abstain from determining the liability of a claim while reserving the right to determine "any issues relating to the administration of any funds accruing to the estate, or any resulting claim asserted against the estate." *In re Republic Reader's Service, Inc.*, 81 B.R. at 430. The Court in *In re Republic Reader's Service, Inc.* abstained from hearing the liability of a contract claim, allowing it to be determined elsewhere. *Id.* Similarly, here the Bankruptcy Court remanded the determination of liability for the sale of unregistered securities claims to state court, reserving the determination of dischargeability of the debt for itself. *Bricker,* No. 02-29981-MBM at ¶9. Because the liability of the sale of unregistered securities claims could be severed from the other core claims, this factor weighs in favor of abstention.

(9) *The burden on the court's docket.*

No evidence of record illuminates whether the Court of Common Pleas or the Bankruptcy Court could have adjudicated Bricker's state law claim more promptly. Accordingly, the Court finds this factor neutral.

(10) *The likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties.*

There is nothing in the record to indicate that either of the parties was engaged in forum shopping. This factor is also neutral.

(11) *The existence of a right to a jury trial.*

This factor weighs in favor of abstention because the State Court Action includes a jury demand. *See Bricker v. Allied Track et. al,* GD-02-5367 (Allegheny Cty.). As one cogent opinion noted, the right to a jury trial is so significant as to be almost dispositive of the question of whether to abstain. *In re Asousa,* 264 B.R. at 396.

(12) *The presence in a proceeding of non-debtor parties.*

This factor is neutral. There are no parties to the adversary proceeding besides the Debtor and putative creditors. The Court in *In re Asousa Partnership* found that when there are no non-debtor parties to the proceeding, this factor is neutral in a decision to abstain. *In re Asousa Partnership*, 264 B.R. at 391.

In sum, seven factors weigh in favor of abstention (1, 2, 4, 5, 7, 8, 11) (factor three weighs in favor of abstention when taken together with factor two), one factor weighs against abstention (6), and three factors are neutral (9, 10, 12). The court in a well-reasoned opinion in *In re Asousa* abstained from an adversary proceeding even though only three factors weighed in favor of abstention, two weighed against abstention, and the rest were either neutral or not applicable. *In re Asousa Partnership*, 264 B.R. at 398. Likewise, the Court in this case finds that the Bankruptcy Court's decision to abstain was reasonable and not an abuse of discretion.

**F. Partial Abstention**

Having found that abstention was warranted generally, the Court now turns to Bricker's alternative argument that even if abstention were appropriate as a general matter, the Bankruptcy Court abused its discretion when it adjudicated all but one of his claims. The Court has found few cases in which a bankruptcy court adjudicated some claims while abstaining from others; the caselaw regarding abstention by bankruptcy courts typically involves complete abstention. However, the few courts that have addressed the issue have upheld partial abstention.

In *In re Republic Reader's Service, Inc.*, the Court theorized about the extent of the power of bankruptcy courts to abstain under §1334(c), stating: ". . . I view partial abstention as appropriate to divisible state law claims which are pendent to matters best left for resolution with the bankruptcy court." *In re Republic Reader's Service, Inc.*, 81 B.R. at 427. Therefore, "[w]here a claim asserted against an estate involves legal issues in which state law predominates, a claim can be litigated in state court to the point of judgment, with enforcement of the judgment stayed until further order of the bankruptcy court." *Id.* The court in *Republic* reached this conclusion because ". . . the abstention powers granted by Congress [should be interpreted] broadly when considering whether to recommend that the district court abstain from a particular proceeding or cause of action." *Id.*[1]

*In re Republic Reader's Service, Inc.* is the basis for most courts' interpretations of the abstention powers under section 1334(c), as evidenced by the prevalent application of the twelve factors created to determine the appropriateness of permissive abstention. Factor number eight,

---

[1] *In re Republic Reader's Service, Inc.* was decided before bankruptcy judges had the power to render final judgment on abstention, which explains why the opinion mentioned "recommendation" to the district court.

"the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court," implicitly presupposes that partial abstention may be appropriate. *See In re Earned Capital Corp.*, 331 B.R. at 220. Indeed, the Court in *In re Republic Reader's Service, Inc.* abstained from deciding the liability of a contract claim while retaining jurisdiction to determine any resulting claims against the estate. *In re Republic Reader's Service, Inc.*, 81 B.R. at 430.

In addition, a few bankruptcy courts in the Third Circuit have applied partial abstention under section 1334(c)(1). *See Koken v. Reliance Group Holdings, Inc.*, 273 B.R. 374 (Bankr. E.D. Pa. 2002). *In re Reliance Group Holding, Inc.* was an adversary proceeding between the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner) and debtor Reliance Group Holdings, as the parent company of Reliance Insurance Company, an insurer organized under the laws of Pennsylvania. *Id.* at 379. The Commissioner filed an Emergency Petition in the Commonwealth Court for the preservation of insurance policy assets as well as a complaint asking the court to create a constructive trust for assets held by the debtor (Trust Action). *Id.* at 380-381. Subsequently, the debtor removed the Emergency Petition and the Trust Action under section 28 U.S.C. §1452 to the Bankruptcy Court. *Id.* at 381. The Commissioner filed motions for remand and abstention. *Id.* at 390. The Court held that permissive abstention was appropriate for the Trust Action but not for the Emergency Petition. *Id.* at 408. The Court transferred jurisdiction to the New York Bankruptcy Court to render final judgment on the Emergency Petition but also transferred jurisdiction to the New York Bankruptcy Court to determine any residual issues regarding the Trust Action if liability was found in state court. *Id.* at 408 n.60.

The Court in *In re Reliance Group Holdings, Inc.* used only some of the twelve factors created in *In re Republic Reader's Service, Inc.* to determine the applicability of permissive abstention. *Id.* at 396. "A court should consider discretionary abstention when the party seeking abstention satisfies most of the six mandatory abstention factors . . ." *Id.* Abstention was appropriate for the Trust Action because "the issues in the Trust Action involve an underdeveloped area of Pennsylvania law which impacts the state's interest in the regulation of the insurance industry." *Id.* at 401. Permissive abstention was not appropriate for the Emergency Petition, however, because "[there] are not novel or unsettled issues of state law; the primary concern that led me to conclude that discretionary abstention is appropriate in the Trust Action." *Id.* at 402.

Although the novelty or difficulty of applicable state law was dispositive in *In re Reliance Group Holdings, Inc.*, it is only one factor among many in a decision for permissive abstention. The flexibility of section 1334(c)(1) allows judges to abstain for various reasons when appropriate. In the case at bar, the Bankruptcy Court did not err by abstaining for reasons different from those in *In re Reliance Group Holdings, Inc.*

Nor was it an abuse of discretion to determine liability on some claims and not others. Like the Court in *In re Reliance Group Holdings, Inc.*, here the Bankruptcy Court partially abstained from one issue, the sale of unregistered securities claims, while adjudicating other claims. Also, like *In re Reliance Group Holdings, Inc.*, the Bankruptcy Court in this case will not enter a final order on the adversary proceeding until the State Court Action is completed, at which time the Bankruptcy Court will rule on the question of dischargeability.

## V. Conclusion

The Bankruptcy Court committed no error when it abstained from deciding Plaintiffs' claims under 70 P.S. §§1-201, while rendering final judgment on all other claims. The Court correctly applied statutory abstention under 11 U.S.C. §1334(c), rather than common law abstention under *Colorado River.* Although mandatory abstention was not appropriate because the issue was not raised by motion and the proceedings were "core proceedings," permissive abstention was appropriate under the twelve factor test first enunciated in *In re Republic Reader's Service, Inc.* and applied in numerous subsequent decisions. Finally, partial abstention is permissible and the Court did not abuse its discretion by applying it on the facts of this case.

An appropriate Order follows.

Thos M. Hardiman

Thomas M. Hardiman
United States District Judge

Dated: July 21, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH G. BRICKER, et al., Appellants (Plaintiffs), v. THOMAS L. MARTIN, Appellee (Defendant). | ) | Civil Action No. 2:04-cv-1491<br>Bankruptcy No. 02-29981-MBM<br><br>Judge Thomas M. Hardiman |

**ORDER**

AND NOW, this 21st day of July, 2006, upon consideration of Appellants' Motion to Alter Judgment (Doc. 22), Motion for Oral Argument (Doc. 22), and Motion for Hearing (Doc. 22) it is hereby

ORDERED that said Motions are DENIED.

BY THE COURT:

Thos M. Hardiman

Thomas M. Hardiman
United States District Judge